# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Janny Calderon-Rodriguez,

Petitioner,

v.

L. Molis, *Warden*, *FCI Waseca*,

Respondent.

Case No. 26-cv-00711 (NEB/ECW)

**REPORT AND RECOMMENDATION**

This matter is before the Court on Petitioner Janny Calderon-Rodriguez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1) ("Petititon") and Motion to Expedite Consideration (Dkt. 3). This case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends the Petition be dismissed and that the Motion to Expedite Consideration be denied as moot.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Janny Calderon-Rodriguez ("Petitioner" or "Calderon-Rodriguez") was convicted in the United States District Court of the Middle District of Pennsylvania for the Distribution and Possession with the Intent to Distribute Fentanyl, and Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c) and 18 U.S.C § 2, and is serving a 24-month sentence, to be followed by 3 years of supervised release. (Dkt. 7

¶ 3; Dkt. 7-1 at 2.)  At the time Petitioner filed her Petition, she was incarcerated at Federal Correctional Institution-Waseca ("FCI-Waseca").  (Dkt. 1 at 1.)  As of February 3, 2026, Petitioner was projected to be released from custody on June 19, 2026, via a First Step Act Release.  (Dkt. 7-1 at 3.)

While Petitioner was incarcerated, on March 27, 2025, the Department of Homeland Security ("DHS") issued an Immigration Detainer – Notice of Action ("Detainer").  (Dkt. 7-6.)  The Detainer was issued because DHS found probable cause the Petitioner, a citizen of Dominican Republic, is removable and requested the Bureau of Prisons ("BOP") to maintain custody of Petitioner at the end of her term of imprisonment, for a period not to exceed 48 hours, to allow DHS to assume custody.  (*Id.* at 1; Dkt. 1-1 at 11.)  The Detainer was not a final order of removal against the Petitioner, but rather a notice of pendency of ongoing removal proceedings against her.  (Dkt. 7-6 at 1.)

Calderon-Rodriguez filed the Petition on January 27, 2026.  (Dkt. 1.)  Petitioner argues the Detainer is improperly preventing her consideration for Residential Reentry Center ("RRC") placement, and other pre-release custody benefits.  (Dkt. 2 at 1.)  In her request for relief, Petitioner alleges her rights to due process under the Fifth Amendment are being violated, and seeks immediate release from the Detainer, and immediate reconsideration of RRC placement.  (Dkt. 1 at 6-7.)

On February 2, 2026, the Court issued an Order to Show Cause requiring Respondent to file documentary evidence showing whether Petitioner is subject to a final order of removal, and if she is not, file an answer to the Petition within 21 days showing

2

cause why the writ should not be granted in this case.  (Dkt. 4.)  On February 23, 2026, Respondent filed its Response to the Petititon with no mention of a Petitioner being subject to a final order of removal and no evidence to that effect.  (Dkt. 6.)  Petitioner filed her reply on March 2, 2026 (Dkt. 9), making this matter ripe for decision.

## II.    ANALYSIS[1]

The issues in this case involve the Second Chance Act of 2007 ("SCA") and the First Step Act of 2018 ("FSA").  The FSA established incentives for prisoners to successfully participate in the "evidence-based recidivism reduction programs or productive activities" recommended by their individualized "risk and needs assessments."  *See* 18 U.S.C. § 3632(a).  One of incentives is the ability to earn FSA time credits ("FTCs") towards the inmate's supervised release and prerelease custody dates.  *See* 18 U.S.C. § 3632(d)(4).  Pursuant to the FSA, eligible federal prisoners sentenced to a term of supervised release following their term of imprisonment can earn up to 365 days of FTCs towards their sentence.  *See* 18 U.S.C. § 3624(g)(3).  Further, the FSA allows the BOP to transfer otherwise eligible inmates who have "earned [FTCs] in an amount that is

---

[1]    Petitioner asks the Court to waive the exhaustion of remedies threshold requirement in considering this writ of habeas corpus.  (Dkt. 2 at 3-4.)  Respondent does not argue that the Petititon should be dismissed for failure to exhaust administrative remedies.  Two exceptions to the judicially created requirement of exhaustion of administrative remedies before bringing a § 2241 habeas petition include: (1) where administrative remedies would be futile and serve no purpose; and (2) in cases involving time-sensitive, potentially moot issues.  *See Flynn v. Eischen*, No. 22-cv-1265 (ECT/LIB), 2022 WL 18461620, at *2 (D. Minn. Oct. 26, 2022), *R. & R. adopted*, 2023 WL 415162 (D. Minn. Jan. 25, 2023); *O'Hara v. Rios*, No. 8-cv-5160 (JRT/JJK), 2009 WL 3164724, at *4 (D. Minn. Sept. 28, 2009).  Given the timing of the request and the legal nature of the arguments by both sides, the Court finds that both exceptions apply, and it therefore excuses the failure to exhaust administrative remedies.

equal to the remainder of the prisoner's imposed term of imprisonment" to prerelease custody, where such prerelease custody could entail an RRC or home confinement.  18 U.S.C. § 3624(g)(1)(A), (g)(2)(A)-(B).

Here, Calderon-Rodriguez began earning FTCs on April 11, 2025, the same day she was committed to BOP custody, and as of January 12, 2026, Calderon-Rodriguez has earned 120 days of time credits toward an early release and 0 days of time credits towards a pre-release RRC or home confinement.  (Dkt. 7 ¶¶ 9-11; Dkt. 7-1 at 2; Dkt. 7-2 at 1.)

Petitioner's sole ground for relief in her Petititon is as follows "Due Process Fifth Amendment Violation - Improper Immigration Detainer Hold by I.C.E. - Ineligibility for halfway house."  (Dkt. 1 at 6.)  The relief sought by her is as follows: "order Respondent to cease reliance on the ICE detainer for custody classification purposes, and direct proper verification of Petitioner's immigration status so that she may be considered for RRC placement without unlawful restriction."  (Dkt. 2 at 4; *see also* Dkt. 1 at 7; Dkt. 9 at 3.)

## A.    RRC Placement

Respondent argues that because Petitioner is seeking RRC placement under the pre-release community placement portion of the FSA and SCA, the Court lacks subject matter jurisdiction over the Petition, as it addresses conditions of confinement as opposed to the confinement itself, which "is not cognizable in habeas, because even if it were**,** Calderon-Rodriguez would not spend a minute less in BOP custody"; Congress has given the BOP the discretionary authority to decide where to incarcerate federal inmates; and

4

that Petitioner has no constitutional right to RRC or home confinement placement.  (Dkt. 6 at 10-17.)

This Court lacks jurisdiction to determine the placement of a prisoner during her incarceration.  A habeas petitioner may challenge only the fact or duration of her confinement.  *Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).  "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy."  *Kruger*, 77 F.3d at 1073.  An RRC is a type of prerelease custody.  *See* 18 U.S.C. § 3624(g)(2)(B).  The Eighth Circuit considers a prisoner's request for transfer to prerelease custody as a challenge to the prisoner's place of confinement.  *See United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (discussing home confinement as a place of confinement); *see also Williams v. Birkholz*, No. 20-CV-2190 (ECT/LIB), 2021 WL 4155614, at *6 (D. Minn. July 20, 2021) ("Being transferred to home confinement is not a 'release' for incarceration."), *R. & R. adopted,* 2021 WL 4155013 (D. Minn. Sept. 13, 2021).  Here, Petitioner filed her writ of habeas corpus asking the Court to "Release immigration detainer using supportive documentation and have BOP change in Sentry and submit my halfway house packet."  (Dkt. 1 at 7.)  The Petitioner is asking the Court to transfer her from prison to a halfway house through the "change in Sentry" and submission of her halfway house packet.  (Dkt. 1 at 7.)  This is a transfer to prerelease custody, a challenge to the placement and conditions of her confinement, and not to the fact or duration of her confinement.  Thus, because Calderon-Rodriguez is not challenging the legality of her

5

detention—that is, the fact or duration of her confinement—a writ of habeas corpus is not the correct vehicle for seeking relief for the alleged violation of her rights. *See Jorgensen v. Birkholz*, No. 20-CV-2349 (NEB/DTS), 2021 WL 2935641, at *1 (D. Minn. July 13, 2021) (concluding that court lacks jurisdiction over federal habeas claim requesting transfer to home confinement) (collecting cases).

In addition, courts in this District have repeatedly held that the BOP has exclusive statutory authority to determine the placement of prisoners. *See Garcia v. Eischen*, No. 22-CV-444 (SRN/BRT), 2022 WL 4084185, at *2 (D. Minn. Aug. 16, 2022) (collecting cases). "[I]t is the BOP—not the courts—who decides whether home detention is appropriate." *Williams*, 2021 WL 4155614, at *3 (citation modified). While the SCA increased the maximum permitted RRC designation to twelve months, *Hewitt v. Jett*, No. 09-CV-1676 (RHK/RLE), 2010 WL 1417654, at * 2 (D. Minn. Mar. 15, 2010), *R. & R. adopted,* 2010 WL 1416890 (D. Minn. Apr. 6, 2010), nothing in the SCA or the FSA abrogates the BOP's authority to designate the placement of prisoners, *see, e.g.*, *United States v. Kluge*, No. 17-CR-61, 2020 WL 209287, at *2 (D. Minn. Jan. 14, 2020) (explaining that the FSA did not change the statutory language providing that the BOP makes placement determinations). Indeed, 18 U.S.C. § 3621, gives the BOP, and not the courts, the authority to designate an inmate's place of confinement. *See* 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."). Further, the FSA, 18 U.S.C. § 3624(c)(4), provides: "No limitations.—Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under

6

section 3621." *See also Brown v. Kallis*, No. 21-CV-920 (PJS/ECW), 2022 WL 1652933, at *9 (D. Minn. Apr. 21, 2022), *R. & R. adopted*, 2022 WL 1645666 (D. Minn. May 24, 2022).[2]

Moreover, Calderon-Rodriguez has no constitutional right to be considered for RRC placement. Courts in this District have routinely held that prisoners do not have a "constitutionally protected liberty interest in serving [their] sentence at a particular institution." *Khdeer v. Paul*, No. 18-CV-2112 (ECT/BRT), 2018 WL 6919637, at *5 (D. Minn. Nov. 29, 2018) (citing *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996)), *R. & R. adopted,* 2019 WL 79318 (D. Minn. Jan. 2, 2019)); *see also United States v. James*, 15-CR-255 (SRN), 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020) ("It is . . . well-established that prisoners do not have a

---

[2]    The Court in *Brown* held as follows:

> Congress enacted the FSA into law on December 21, 2018, which in pertinent part, revised the Second Chance Act of 2007 as to early releases of inmates to halfway houses or home confinement. 18 U.S.C. § 3624(c)(1)(2); *see also* Pub. L. 115-391, 132 Stat. 5194, 5210. Specifically, Section 3624 authorized the BOP to place prisoners in home confinement for 10 percent of the term of the prisoner's imprisonment or six months. 18 U.S.C. § 3624(c)(2). The FSA amended that Section by adding that "to the extent practicable, [the BOP shall] place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." *Id.* The FSA did not, however, change the language of 18 U.S.C. § 3624(c)(4), which provides that "[n]othing in this subsection shall be construed to limit or restrict the authority of the Director of the [BOP] under section 3621," which in turn provides that the BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3624(c)(4); *see also* 18 U.S.C. § 3621(b).

2022 WL 1652933, at *9 (alterations in original).

constitutional right to placement in a particular facility or place of confinement.") . To

the extent that Calderon-Rodriguez contends that she is <u>entitled</u> to be granted an RRC

designation, the courts have held that a prisoner "has no legal right or entitlement to *any*

period of RRC placement." *McCarthy v. Fed. Bureau of Prisons*, No. 10-CV-745

(PJS/SRN), 2010 WL 4320507, at *2 (D. Minn. Sept. 29, 2010) (listing cases), *R. & R.*

*adopted,* 2010 WL 4312851 (D. Minn. Oct. 22, 2010).  Even to the extent that the

Detainer affects Petitioner's eligibility to RRC placement, she again fails to state a claim

because an inmate does not have a protected liberty interest in receiving or retaining a

certain custody classification.[3]  *See Saint Louis v. Bondi*, No. 5:25-HC-02139-M, 2025

WL 2845619, at *2 (E.D.N.C. Oct. 6, 2025) (collecting cases).

---

[3]     To the extent that Petitioner's argument that the BOP is improperly relying on the Detainer because the Detainer is itself improper, she is not in ICE custody, and as a result, she cannot meet the "in custody" requirement necessary to challenge that Detainer (issued by DHS) pursuant to § 2241. *See Belasco v. Snyder*, 208 F.3d 217 (8th Cir. 2000) ("We conclude that the filing of an Immigration and Naturalization Service (INS) detainer with federal prison officials, merely notifying them that the INS will in the future make a decision regarding Mr. Belasco's deportation, does not create custody supporting habeas corpus jurisdiction; and, without deciding whether the INS detainer adversely affected Mr. Belasco's custody and security classifications, we note that prison officials may consider an INS detainer in assessing such classifications.  Mr. Belasco's apparent argument that the INS has no authority to deport him because he did not commit an aggravated felony is not ripe for judicial review, as a final removal order has not been issued." (citations omitted)); *see also Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988), *cert. denied*, 490 U.S. 1082 (1989) ("Campillo may not challenge the detainer by way of habeas corpus until he is placed in the custody of the INS, an event which will not occur until Campillo is released from his present term of confinement.  The filing of an INS detainer, standing alone, does not cause a sentenced offender to come within the custody of the INS for purposes of a petition for a writ of habeas corpus."); *Bahena Escobar v. Holder*, No. CIV.09-3717 PAM/JJK, 2010 WL 1389606, at *2 (D. Minn. Mar. 31, 2010) ("Petitioner cannot, at least by habeas petition, challenge the immigration detainer or the underlying deportation order until he is taken into actual custody by ICE at a future date.").  The petitioner in *Campillo*, incarcerated in Minnesota for drug related

For all of the reasons stated above, Calderon-Rodriguez's Petititon should be denied with respect to her request for relief related to RRC placement.

## B.    Evidentiary Hearing

Because the Court can resolve the Petition by relying on the record, an evidentiary hearing is not necessary. *See Wallace v. Lockhart*, 701 F.2d 719, 729-30 (8th Cir. 1983) ("[D]ismissal of the habeas petition without a hearing is proper where . . . the dispute can be resolved on the basis of the record.").

## III.    RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1.    Petitioner Janny Calderon-Rodriguez's request for habeas corpus relief under 28 U.S.C. § 2241 be **DENIED**;

2.    Petitioner Janny Calderon-Rodriguez's Motion to Expedite Consideration (Dkt. 3) be **DENIED** as moot; and

---

offenses, filed a writ of habeas corpus alleging "his security and custody classification had been adversely affected by the [Immigration and Natural Services] detainer." 853 F.2d at 594. The detainer in *Campillo* was "issued 'for notification purposes only,' and advised that an investigation had been initiated to determine whether Campillo was subject to exclusion or deportation from the United States." *Id.* The Eighth Circuit held that the filing of a detainer alone does not cause an inmate to come within the custody of the filing agency for purposes of a petition for a writ of habeas corpus. *Id.* at 595. Finally, the Eighth Circuit held that absent a final order of deportation, or a threat of such an order without being issued without opportunity for a full and fair hearing prior to deportation, INS had not taken custody of petitioner and the petitioner had no standing to challenge the filing of a detainer. *Id.* at 596. The Court also notes that neither ICE nor DHS are a party to this action.

3.      This matter be **DISMISSED** without prejudice.


Dated: March 16, 2026                           *s/Elizabeth Cowan Wright*
                                                ELIZABETH COWAN WRIGHT
                                                United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).